**Eldon Brean HARRIFORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45311.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Rehearing Denied Dec. 20, 1972.

David F. Farris, Fort Worth (court appointed on appeal), for appellant.

Doug Crouch, Dist. Atty., Marvin D. Snodgrass, Clint Starr and Roger Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is shoplifting; the punishment, 10 years.

Appellant cites three grounds of error.

Certain facts are in dispute. Gene Carnes, a witness for the State, testified that he was employed by the Fort Worth Police Department, but had an off-duty job at a Woolco Department Store in Fort Worth as a plainclothes store detective. Carnes stated that on October 9, 1970, he first noticed appellant in the men's department of the store. Several minutes later, he observed appellant in the ladies' department. Carnes' suspicion was aroused when he noticed a brown hanger mixed among the white hangers on the clothes rack directly in front of appellant. It seems that the department store used brown hangers only in their men's department and white hangers only in the ladies' department. Carnes testified that, at this point, he saw appellant place an article of clothing under his jacket, and walk at an especially fast pace past the information counter and the check-out stands and toward the door, at which point Carnes stopped appellant; a suit fell to the floor, and appellant was placed under arrest.

Appellant testified in his own behalf. He stated that he had selected the suit and intended to put it on layaway, as a Christmas gift for his uncle. Appellant denied that he made any effort to conceal the suit.

◼ In appellant's first ground of error, he contends there is no evidence to sustain the State's burden of proof of ownership as alleged in the indictment. The indictment charged that appellant unlawfully and fraudulently took from the possession of Paul Schwartz one suit, valued at more than fifty dollars. At the trial, Paul Schwartz testified that he was the general manager of the department store involved, and that he was buyer of merchandise for that particular store. In questioning Schwartz, one of the prosecutor's questions was prefaced, "as the manager of Woolco Department Store and the person who has the care, custody, control and management of all of the products in the store. . . ." Appellant made no objection. The State sufficiently established Schwartz as the "special owner" of the property, in compliance with Article 1436e, Vernon's Ann.P.C. See Castillo v. State, 469 S.W.2d 572 (Tex. Crim.App.1971); Middleton v. State, 476 S.W.2d 14, 17 (Tex.Crim.App.1972).

◼ Appellant next argues that the State failed to meet its burden of proof that the appellant acted with fraudulent intent. We note that the jury was specifically charged that in order to find appellant guilty, they had to find that he removed the suit with fraudulent intent. The jury was authorized to accept or reject any or all the testimony of any witness. Hill v. State, 480 S.W.2d 670 (Tex.Crim.App. 1972); Preston v. State, 457 S.W.2d 279 (Tex.Crim.App.1970). The jury chose to accept the testimony of the witnesses for the State, and in light of the facts and circumstances present, we agree that the

evidence was sufficient to support such a finding.

Appellant next alleges that the State failed to meet its burden of proof that the appellant removed from "its place" the suit in question. Article 1436e, V.A.P.C., in defining the crime of shoplifting, refers to persons who, while legally in a retail business establishment, remove from its place, goods, edible meat or other corporeal personal property. There was testimony to the effect that appellant was first seen in the men's department, then in the ladies' department, at which point a police officer observed him place an article of clothing under his jacket. Appellant then proceeded past the check-out stands and the information desk, toward the front door. The suit fell to the floor when appellant was apprehended. The State sustained its burden of proof in showing that appellant removed the suit "from its place," since this phrase refers to the removal of goods from the place where they are located in the establishment. Woods v. State, 394 S.W. 2d 513, 515 (Tex.Crim.App.1965).

The judgment is affirmed.