Wiley F. EATON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51027.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

**34**

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Jr., Dist. Atty., Al W. Schorre, Jr., Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for arson. Punishment was assessed at sixteen years.

In his sole ground of error, appellant contends "That there is a fatal variance between the allegation as to the ownership of the building in the indictment and the proof offered at trial."

Appellant was the manager of a service station. The true owner of the property was a petroleum corporation. The indictment alleged ownership in Charles Minyard, a regional supervisor for the corporation.

Reading the ground of error in conjunction with the argument in support thereof, we construe his complaint as two-fold:

(1) An indictment for arson charging ownership in the supervisor of the property will not support a conviction if the evidence shows a corporation to be the true owner of the property.

(2) The evidence at trial was insufficient to show the supervisor was an owner of the property within the meaning of V.T.C.A. Penal Code Secs. 28.02 and 1.07(a)(24).

We will discuss each contention separately. Regarding the variance complaint, Art. 21.08, V.A.C.C.P., provides in part:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. . . . ."

■ We have frequently said that this statute is applicable to property owned by a corporation. *Roberts v. State*, Tex.Cr.App., 513 S.W.2d 870; *Walling v. State*, Tex.Cr. App., 437 S.W.2d 563; *Porter v. State*, 172 Tex.Cr.R. 366, 357 S.W.2d 401. When the property referred to in an indictment belongs to a corporation, it is not only permissible but also the better pleading practice to allege ownership in a natural person acting for the corporation. *Castillo v. State*, Tex. Cr.App., 469 S.W.2d 572; *Walling v. State*, supra.

■ The State properly alleged ownership in the regional supervisor of the corporation. That the proof at trial showed the true owner to be the corporation presents no variance and appellant's complaint is without merit insofar as it contends otherwise.

■ Next we must consider whether the evidence was sufficient to show that Minyard was an owner of the property within the meaning of the arson statute. V.T.C.A. Penal Code Sec. 28.02 provides in pertinent part:

"A person commits an offense if he starts a fire or causes an explosion:

"(1) without the effective consent of the owner and with intent to destroy or damage the owner's building or habitation."

Further, V.T.C.A. Penal Code Secs. 1.07(a)(24) and (28) provide:

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

" . . .

" 'Possession' means actual care, custody, control or management."

Thus, three separate means are provided by statute in which the State might fulfill its burden of showing Minyard was the owner of the property: that he had (1) title, (2) possession, or (3) a right to possession superior to that of appellant. Title to the property was in his employer, the petroleum corporation. With regard to Minyard's possession or right to possession, however, he testified as follows:

"Q. [by the prosecutor]: All right, sir. And specifically what are your duties?

"A. [by Minyard]: As a supervisor, to control the establishments of Billups' Western Petroleum Company and audit their books.

"Q. So this would be like each individual service station in your area that you check on?

"A. Right."

Thus, the evidence was sufficient to show that Minyard had the duty of controlling, auditing, and overseeing the operation of the property. This evidence showed he was in possession of the property (Sec. 1.07(a)(28), supra), which in turn made him an owner within the terms of Sec. 1.07(a)(24), supra.

With regard to appellant's claim that there is no evidence "that Mr. Minyard maintained any more right to possession of the property than appellant," we observe that V.T.C.A. Penal Code Sec. 28.05 provides:

"It is no defense to prosecution under this chapter that the actor has an interest in the property damaged or destroyed if another person also has an interest that the actor is not entitled to infringe."

We therefore hold that when the State in a prosecution for arson shows that the person alleged as owner is an owner because he was in possession of the property, the State need not show that the alleged owner had a greater right to possession than the accused. See Practice Commentaries to Secs. 28.02 and 28.05, supra.

The judgment is affirmed.