Carolyn SERVANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51780.

Court of Criminal Appeals of Texas.

June 16, 1976.

Robert T. Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald H. Flanary, Jr., Norman Kinne and Dan Pitzer, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. After the jury returned a verdict of guilty, punishment was assessed by the court at five years.

The indictment alleged that the offense occurred on or about March 25, 1975, and the record reflects that trial was in May, 1975.

All of appellant's grounds of error are directed toward the indictment, the pertinent portion of which recites that appellant did unlawfully,

"then and there while in the course of committing theft and with the intent to obtain and maintain control of the property of C. N. Turner, hereinafter called 'Complainant', the said property being one suit, without the effective consent of the said complainant and with intent to deprive the said complainant of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a knife, intentionally and knowingly threaten and place the said Terry Swearingen in fear of imminent bodily injury."

■ Appellant contends "no valid conviction may be sustained under the indictment, as the person who was assaulted is not the person against whom the theft was perpetrated."

Appellant was charged with the offense of aggravated robbery under the new Penal Code,[1] and we find our opinion in *Earl v. State,* Tex.Cr.App., 514 S.W.2d 273, construing the pertinent provisions of the code to be dispositive of appellant's contention. In *Earl,* it was stated:

". . . the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same." See *Reese v. State,* Tex.Cr.App., 531 S.W.2d 638.

■ Appellant contends "the indictment is defective for failure to specifically allege the conduct constituting 'in the course of committing theft.'"

In rejecting this contention in *Earl,* this Court stated:

"Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T.C.A. Penal Code) or attempted theft

---

1. See V.T.C.A. Penal Code, Secs. 29.01, 29.02 and 29.03.

(see Sec. 15.01, V.T.C.A. Penal Code) need not be alleged in the indictment."

Appellant contends "the indictment is defective for the manner in which it alleges the persons against whom the offense was committed."

Appellant urges, "absent such specificity, the indictment could just as easily be interpreted as alleging that both Swearingen and Turner were the victims of the theft."

As heretofore noted, the victim of the theft or attempted theft and the victim of the robbery need not be the same.

■ Appellant contends that the indictment is defective for failure to properly describe the property.

The property alleged in the indictment as having been taken was "one suit."

No motion to quash was filed by appellant. The defect complained of by appellant relates simply to the convenience of appellant in making his defense and, by going to trial without raising any such objection, it is presumed that appellant found the indictment sufficient to his own satisfaction and waived any objection. *American Plant Food Corporation v. State,* Tex. Cr.App., 508 S.W.2d 598; *Trevino v. State,* Tex.Cr.App., 519 S.W.2d 864.

■ Appellant contends that the indictment is defective to allege ownership of the property.

We need not reach the question of whether the indictment alleged ownership of the property since our opinions in *Earl v. State,* supra, and *Reese v. State,* supra, held that such omission does not render a robbery indictment defective.

The judgment is affirmed.

Opinion approved by the Court.