**Maria Jesus McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59116.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 1, 1978.

Dain P. Whitworth, Austin, for appellant.

James L. McMurtry, County Atty. and Russell J. Bailey, Asst. County Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for theft, wherein the court assessed punishment at twenty (20) days in jail probated for twelve (12) months and a fine of three hundred dollars ($300.00).

Appellant urges four grounds of error in her brief, but in view of our disposition of the case only one ground of error will be discussed. In that ground of error, appellant contends that the information alleges that Delene Dosher was the owner of the goods taken, but that the State failed to prove that Delene Dosher was in fact the owner.

The record reflects that Delene Dosher was a security guard for the Joske's department store in Travis County and observed appellant acting in a suspicious manner in the Junior Department section of that store. Dosher was in the process of following another person suspected of shoplifting at that time so she summoned two other security guards to observe appellant's activities. These two guards testified that they saw appellant take a large number of items of clothing into an adjoining dressing room and return later with a lesser number of articles. She had a large shopping bag with her. Appellant then left the Junior Department and went to the Misses' Sportswear Department where she was seen to take a swimsuit and put it in her shopping bag. She proceeded then to the Boys' Department where she took some shorts and a pair of trousers and put them in her bag. The two guards apprehended appellant just after she left the store and found two dresses from the Junior Department in her bag along with the other items mentioned.

The information alleges only the theft of the two dresses taken from the Junior Department and that they were taken "without the effective consent of the owner, Delene Dosher."

This court has frequently held that when property is owned by a corporation it is not only permissible but also better pleading practice to allege "special" ownership in a natural person acting for the corporation. *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App. 1976); *Castillo v. State*, 469 S.W.2d 572 (Tex.Cr.App.1971).

■ V.T.C.A., Penal Code, §§ 1.07(a)(24) and (28) define "owner" and "possession" as follows:

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

" 'Possession' means actual care, custody, control, or management."

It is thus apparent that there are three different ways provided in the statute by which the State may show that Dosher was the owner of the property taken: that she had (1) title, (2) possession, or (3) a greater right to possession than appellant.

Here the evidence clearly showed that the corporation had "title" to the property; i. e., the corporation, not Dosher, was the true owner of the property.

With regard to the possession of the property, the testimony of Dosher was that she was a security guard employed by the store and her duties were to watch out for and apprehend shoplifters, to take care of injured people, to file complaints if a shoplifter is caught, and to recover merchandise that is shoplifted. She testified further that she had no responsibility to acquire goods for the store or keep a running inventory with reference to goods in the store, and that she had no managerial authority or control at all. She stated that Mel Courtney was the store manager.

This court held in *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976), that the evidence was sufficient in a burglary case to find that a security guard at a hospital was the "special" owner; however, the security guard there testified that he had the care, custody and management over the hospital and all those things within the hospital during the early morning hours when the burglary occurred.

■ Here the testimony of Dosher completely negates the claim by the State that she was in possession of the two dresses when they were taken and we thus find that the State had failed to prove that Dosher was a "special owner" because she had possession.

■ The third way in which the State might prove that Dosher was the "owner," i. e., that Dosher had a greater right to possession of the property than did appellant, is not applicable to this case. While this phrase has found its way into several opinions which might have led to some confusion, it is clear that the "greater right to possession" concept of ownership applies only in those cases where both the "owner" and the "actor" have some sort of joint interest in the property. See Practice Commentaries to §§ 31.03 and 31.10, V.T.C.A., Penal Code. See also 2 Branch's 3rd ed. 401.

We therefore find that Delene Dosher was not shown to be either the "special owner" or "true owner" as alleged in the information. See *Commons v. State* (Tex. Cr.App. # 54,485, May 17, 1978).

The judgment is reversed and the cause remanded.