**Marylin Church COMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54485.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 17, 1978.

Opinion on State's Motion for Rehearing Jan. 17, 1979.

Kerry P. Fitzgerald, John Cravens, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, Dan Guthrie and Coleman Sylvan, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of the misdemeanor offense of fraudulently substituting price tags in violation of V.T.C.A., Penal Code, § 32.47. The jury assessed punishment at a probated fine of $50.00.

The record reflects that appellant, while shopping in a Skaggs-Albertson store in Dallas County, removed a $1.79 price tag from a box containing liquid Tylenol and substituted therefor a $.99 price tag which she had taken from a box of Tylenol tablets. When she checked out at the cashier's stand, she was charged $.99 for the liquid Tylenol. A Dallas police officer, Murray Jackson, who was working as a security officer in his off-duty hours for this Skaggs-Albertson store, observed appellant substitute the price tags, kept her under surveillance until she checked out of the store, and then apprehended her.

The relevant portion of the information upon which appellant was tried follows:

". . . did unlawfully then and there knowingly and intentionally with intent to injure, defraud and harm, another, Murray Jackson, remove and substitute a writing, to wit: price tag, which was not a governmental record."

It is apparent that when price tags are switched on merchandise, as was the case here, it is the owner of the merchandise who is injured, defrauded and harmed be-

cause it is the owner who stands to receive less for his goods as a result of the fraudulent act.

Here the information alleges that appellant substituted the price tags with the intent to injure, defraud and harm Murray Jackson, the security officer of the store; yet there is no evidence that he was the owner of the merchandise or the person who exercised care, control and custody thereof. See Article 21.08, V.A.C.C.P.; *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App. 1976); *Roberts v. State*, 513 S.W.2d 870 (Tex.Cr.App.1974); *Harriford v. State*, 487 S.W.2d 351 (Tex.Cr.App.1972); *Castillo v. State*, 469 S.W.2d 572 (Tex.Cr.App.1971).

Under these circumstances, we agree with appellant's contention that there was a fatal variance in the allegations in the information and the evidence introduced.

The judgment is reversed and the cause remanded.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission appellant's conviction for the fraudulent substitution of price tags in violation of V.T.C.A., Penal Code, Section 32.47 was reversed because of a fatal variance between the allegations in the information charging the offense and the evidence introduced. Upon reconsideration of this case and the State's motion for rehearing, we are convinced that the original disposition was correct. The State, in its motion for rehearing, confuses the issues at hand. They are correct in their assertion that the actual owner of the property on which the price tags were substituted or changed need not be alleged in the charging instrument. What the State fails to acknowledge, however, is that in this particular case they chose to make a "descriptive averment" as to who the "another" was, an essential averment. Having made a specific allegation, they were obligated to establish that allegation with proof. *Roberts v. State,* Tex.Cr.App., 513 S.W.2d 870; *Easley v. State,* 167 Tex.Cr.R. 156, 319 S.W.2d 325.

The general rule is that when the ownership of the property needs to be alleged and the property is owned by a corporation, the ownership should be alleged in the name of a natural person who fits within the definition of a special owner. See *Roberts v. State,* supra; *Eaton v. State,* Tex.Cr.App., 533 S.W.2d 33; *Harriford v. State,* Tex.Cr.App., 487 S.W.2d 351; *Castillo v. State,* Tex.Cr.App., 469 S.W.2d 572; Article 21.08, V.A.C.C.P. In the instant case, the Skaggs-Albertson Corporation owned the property. The corporation was the party injured. Murray Jackson was alleged to be the natural person that appellant intended to injure, defraud, and harm when she removed and substituted a price tag. The evidence showed that Murray Jackson was a security guard who worked for the corporation. Such an employment relationship does not render a security guard a special owner of the property within the premises he guards. See V.T.C.A., Penal Code, Section 1.07(24); *McGee v. State,* 572 S.W.2d 723 (1978). The dissent suggests that the evidence does support the essential averment that Murray Jackson was indeed harmed, injured and defrauded because he was "the person affected" by the appellant's act and was likewise "interested" in the welfare of the owner. We concede that a security guard is interested, or should be, in the welfare of his or her employer, the owner of the property to be guarded; however, we disagree that the removal and substitution of price tags "affects" a security guard in the sense intended in the definition of "harm" under V.T.C.A., Penal Code, Section 1.07(16). The person "affected" by the removal and substitution of price tags is the owner, be he general or special. It is clear that Murray Jackson did not suffer any "loss, disadvantage, or injury" from the actions of the appellant.

The conclusion reached in the original opinion is sound in that the party injured, defrauded, or harmed by the removal and substitution of the price tag is the property owner. The evidence established only that Skaggs-Albertson was the owner of the property and such proof was at a complete

variance with the allegation by the State that Murray Jackson was the person the appellant intended to injure, defraud, or harm. Such a variance in the allegation and proof is fatal and compels a reversal of appellant's conviction.

The State's motion for rehearing is overruled.

DOUGLAS, Judge, dissenting.

A Dallas police officer, Murray Jackson, testified that he worked as a security guard for Skaggs-Albertson Store to watch for, among other things, shoplifters and those who changed price tags on merchandise. While he was working there one afternoon he saw appellant remove a price tag from a large container of Tylenol and affix in its place the price tag from a smaller size. She was apprehended by Jackson outside the store.

The Court, on original submission, held that the State failed to prove that Murray Jackson was "the owner" of the merchandise as alleged in the information. The information alleged that appellant did "then and there knowingly and intentionally with intent to injure, defraud and harm, another, Murray Jackson, remove and substitute a writing, to wit: price tag, which was not a governmental record." The name of the person to be defrauded or harmed does not have to be alleged. Article 21.05, V.A.C.C.P., provides:

"Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment; but in any case where an intent to defraud is required to constitute an offense, it shall be sufficient to allege an intent to defraud, without naming therein the particular person intended to be defrauded."

Even though the information may have alleged more than was necessary, there was no variance between the allegation and the proof. V.T.C.A., Penal Code Section 32.-47(a), provides as follows:

"A person commits an offense if, with intent to defraud or harm *another*, he destroys, removes, conceals, alters, substitutes, or otherwise impairs the verity, legibility, or availability of a writing, other than a governmental record." (Emphasis added).

The statute neither requires the information to allege nor does it require proof as to the owner. "Another" is defined in V.T.C.A., Penal Code Section 1.07(4), as ". . . a person other than the actor."

The information alleges that appellant intended to defraud and harm Murray Jackson, and the proof supports that allegation. Harm is defined in V.T.C.A., Penal Code Section 1.07(16):

" 'Harm' means anything reasonably regarded as loss, disadvantage, or injury, *including harm to another person in whose welfare the person affected is interested.*" (Emphasis added).

Even if proof of ownership were required, V.T.C.A., Penal Code Section 1.07(24): " 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

Jackson, by reason of his employment to prevent shoplifting and other crimes and to apprehend fraudulent takers of property and to return it to the store, had a greater right to possession than the appellant did. Jackson, under Section 1.07(16), supra, was interested in the welfare of those who owned the store and who were affected.

The State's motion for rehearing should be granted and the judgment should be affirmed.

TOM G. DAVIS, DALLY and W. C. DAVIS, JJ., join in this dissent.