Patricia SMALLWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 58098.

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 10, 1979.

On Rehearing Nov. 19, 1980.

P. David Wahlberg, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Philip A. Nelson, Jr. and Charles E. Hardy, Asst. Dist. Attys., Austin, for appellee on rehearing.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Having waived a jury trial, appellant was found guilty by the trial court of the offense of robbery and sentenced to confinement in the Texas Department of Corrections for a term of ten years.

Appellant presents two grounds of error for our consideration, contending that there is a fatal variance between a descriptive allegation in the indictment and the evidence adduced at trial and that the State failed to prove that the property in question was taken from the individual named in the indictment. Though we overrule appellant's initial ground of error, ground of error two must be sustained. It is upon this basis that judgment of conviction is reversed.

Steve Parker, a security guard for Dillard's Department Store in Austin, testified that he stopped appellant as she was leaving the store after her movements caused him to believe she was shoplifting several pairs of pants from the men's furnishings department. Parker asked appellant if he might look in her purse after she denied taking any merchandise without having paid for it. Appellant refused Parker's request and, in the struggle that ensued, three pairs of slacks belonging to the store were dislodged from appellant's purse. Albert Turegano, a dock worker at Dillard's, attempted to grab appellant but she bit him on the right arm and produced a knife from her purse which she had retrieved in the interim. Appellant threatened Parker and Turegano with the knife and fled the store

in the direction of Interstate 35. Officer I. G. Frisinger of the Austin Police Department, responding to a radio broadcast that a black female suspected of shoplifting was being chased by two Dillard's employees through the parking lot, caught and subdued appellant in the vicinity of the freeway service road. Frisinger testified that appellant resisted arrest and kicked Parker in the groin as she walked past him on the way to the patrol car. The knife that appellant brandished was also recovered at the scene.

■ In her first ground of error, appellant contends that there was a fatal variance between the descriptive allegation of the property taken as alleged in the indictment and the evidence adduced at trial. Specifically, complaint is made that while the indictment alleges that the property taken was three pair [sic] *women's*[1] slacks, the evidence presented by the State tended to prove that they were in fact *men's* slacks. Given this Court's recent disposition of *Ex parte Lucas*, 574 S.W.2d 162 (Tex.Cr. App.1978), however, we believe that this purported variance is without legal significance.

In *Lucas*, supra, this Court held that an indictment under our present aggravated robbery statute was not fundamentally defective because it failed to describe the property taken as was required under our former penal code. See *Ex parte Canady*, 563 S.W.2d 266 (Tex.Cr.App.1978). The Court reasoned that because the present code characterizes the offense of robbery as *assaultive* in nature as opposed to the prior concept of robbery as an aggravated form of theft (as the common law had done as well), no description of the property taken was required. Consequently, the description of the property taken is not legally essential to the validity of an indictment charging the offense of robbery. As was noted in *Weaver v. State*, 551 S.W.2d 419 (Tex.Cr.App.1977):

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

"It is well settled that '[a]llegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded.' 1 Branch's Ann.P.C., 2d ed., Sec. 517, p. 497 (1956). Stated another way, it may be said that if not descriptive of that which is legally essential to the validity of the indictment, information or complaint, unnecessary words or allegations may be rejected as surplusage."

551 S.W.2d at 420, quoting *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975).

We therefore hold that, because a description of the property taken is not a legal requisite of the instant robbery indictment, the gratuitous description of the slacks can be disregarded as surplusage. See also *Collins v. State*, 500 S.W.2d 168 (Tex.Cr.App. 1973); *Cohen v. State*, 479 S.W.2d 950 (Tex. Cr.App.1972). The variance pointed out is, therefore, of no moment. Appellant's first ground of error is overruled.

In her second ground of error, appellant contends that the State failed to prove possession of the property in Albert Turegano as alleged in the indictment. We agree.

Omitting the formal parts, the indictment alleges that appellant:

"while in the course of committing theft of three pair women's slacks, hereinafter called the 'property', from Albert J. Turegano, with the intent to obtain and maintain control of the property, knowingly and intentionally cause bodily injury to Albert J. Turegano."

Though an indictment charging the offense of robbery need not allege either the owner or from whom the property was taken, *Severance v. State*, 537 S.W.2d 753 (Tex. Cr.App.1976); *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976); *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974), it must be alleged and proven that the alleged offense was committed "in the course of commit-

ting a theft" and "with [the] intent to obtain or maintain control of the property" involved in the theft. This much the State has seen fit to do in the drafting of the instant indictment. However, the State must still prove up constituent elements of the theft, though they need not be alleged in the indictment. See *Earl v. State*, supra; *Reese v. State*, supra; *Gonzalez v. State*, 517 S.W.2d 785 (Tex.Cr.App.1975). Obviously, one element of theft as defined in V.T.C.A. Penal Code, § 31.03, incumbent upon the State to prove, is ownership of the property.[2]

V.T.C.A. Penal Code, § 1.07(a)(24) and (28) provide three ways by which the State might have shown that Turegano was the owner of the property taken: that he had (1) title; (2) possession; or (3) a greater right to possession than appellant. Here the evidence clearly showed that Dillard's Department Store had "title" to the property, not Turegano. Similarly, the testimony showed that appellant, not Turegano, had possession of the three pairs of slacks. Consequently the third and remaining manner in which it might have been shown that Turegano was the "owner" was that he somehow had a greater right to possession of the property than did appellant. This Court has held, however, that the "greater right to possession" concept of ownership applies only in those cases where both the "owner" and the "actor" have some sort of joint interest in the property, *McGee v. State*, 572 S.W.2d 723 (Tex.Cr.App.1978), which is not the case herein. We are therefore of the opinion that the State did not

prove that the slacks were stolen from Turegano, in any ownership capacity or status as alleged in the indictment.[3] See *Commons v. State*, 575 S.W.2d 518 (Tex.Cr.App. 1978); *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1979).

For the error pointed out, the judgment is reversed and the cause is remanded for entry of a judgment of acquittal.[4]

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

■ On original submission a panel of this Court reversed appellant's conviction for robbery because the state failed to prove its allegation of ownership of the stolen property. The indictment alleged that appellant:

> ... while in the course of committing theft of three pair women's slacks, hereinafter called "the property", from Albert J. Turegano, with the intent to obtain and maintain control of the property, knowingly and intentionally cause[d] bodily injury to Albert J. Turegano, ...

Turegano was a dock worker at Dillard's Department Store in Austin, where the robbery took place. Relying on *McGee v. State*, 572 S.W.2d 723 (Tex.Cr.App.1978), the panel held that Turegano did not have a "greater right to possession" of the stolen property, because the greater right theory applies only in cases of joint ownership.

---

2. Section 31.03(a) provides that one commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." See generally, *Ex parte Cannon*, 546 S.W.2d 266, 272 273, n.2 (Tex.Cr.App.1976).

3. We note that the complaint herein alleges that appellant:

> "while in the course of committing theft of three pairs of dress slacks from *Dillard's Dept. Store*, with intent to obtain and maintain control of the said three pairs of dress slacks, knowingly and intentionally cause bodily injury to Albert J. Turegano."

Thus, unlike the indictment the complaint correctly alleges proper ownership of the property in the corporation, Dillard's Department Store.

Though this need not be alleged in the charging instrument, as pointed out above, when it is subsequent proof that the slacks were in fact taken from the rightful owner, namely Dillard's Department Store, and without its effective consent, is easily made by testimony of any managerial employee who has custody and control of the property; see, e. g., *Roberts v. State*, 513 S.W.2d 870, 872 (Tex.Cr.App.1974) and *Eaton v. State*, 533 S.W.2d 33, 35 (Tex.Cr. App.1976).

4. *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

See V.T.C.A. Penal Code, § 1.07(a)(24). The full Court recently overruled *McGee* in *Compton v. State*, 607 S.W.2d 246 (1980). (Opinion on State's Motion for Rehearing). See also *Johnson v. State*, 606 S.W.2d 894 (1980).

Turegano and Steve Parker, a security guard for Dillard's, accosted appellant as she was about to leave the store with the slacks hidden in her purse. As an employee of Dillard's, Turegano at that time had a greater right to possess the slacks than did appellant. The state's evidence was sufficient to prove ownership in Turegano. We overrule appellant's second ground of error.

Although the panel reversed this case for the reason expressed above, it also discussed and overruled appellant's first ground of error. We need not discuss that ground of error on rehearing.

The state's motion for rehearing is granted. The prior reversal is set aside, and the judgment is affirmed.

ONION, P. J., and CLINTON, J., dissent.