**Edward John CASTLE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–118–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 9, 1986.

Lollar & Phillips and Abe Factor, Fort Worth, for appellant.

Tim Curry Crim. Dist. Atty., and Delonia A. Watson Asst. Crim. Dist. Atty., Fort Worth, for the State.

Before JOE SPURLOCK, II, BURDOCK and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Edward John Castle, was convicted by a jury of the offense of theft of property valued between $20 and $200. *See* TEX.PENAL CODE ANN. sec. 31.-03(d)(3) (Vernon 1974). The court assessed punishment at six months confinement in the Tarrant County Jail and a $300 fine.

We affirm.

Appellant brings three points of error[1] complaining that the evidence was insufficient to: (1) show that the person named in the information was the owner of the allegedly stolen property (2) support a conviction based upon circumstantial evidence which did not exclude every reasonable hypothesis inconsistent with the guilt of the

---

1. Pursuant to TEX.R.APP.P. 74(d), effective September 1, 1986, we will hereafter refer to these contentions as "points" of error.

accused; (3) establish appellant's intent to permanently deprive the owner of the property.

Appellant was arrested for theft of a coat and vest combination from a J.C. Penney department store. Ms. G. Bunche, the store's security guard, testified about the events leading to the arrest. She had first observed appellant, who is permanently disabled and confined to a wheelchair, enter the store with two companions (not in wheelchairs). Later she observed them go to a corner of the store out of her viewing range from the second floor observation booth. When she returned to the shopping floor, she saw appellant come out of the corner with the coat and vest tucked into his wheelchair.

Bunche further testified that she watched appellant leave the store with the clothing, stopped him, identified herself, and told him he needed to return to the store with her. She testified that appellant asked why he needed to return to the store and she told him it was because of the coat. He then shoved the clothing at her and told her it was a mistake. The coat still bore J.C. Penney price tags and was on the hanger. Bunche said she asked him again to return to the store and he still refused.

Bunche said she grabbed the wheelchair to keep him from leaving and he punched her in the mouth; a struggle ensued, and appellant's wheelchair turned over. Bunche was eventually assisted by a bystander in overcoming and handcuffing the appellant. The police were called and appellant was arrested. Appellant claims Bunche had the clothing in her possession when she apprehended him.

■ In point of error number one, appellant claims his conviction is not supported by sufficient evidence in that there is no evidence that the security guard was the owner of the property as alleged in the information. We do not find this contention persuasive. The preferred pleading practice in situations where property alleged to be stolen is owned by a corporation is to allege "special" ownership in a natural person acting for the corporation.

Special ownership may be established in one of three ways by showing the named individual had: (1) title to the property, (2) possession of the property, or (3) a greater right to possession than the accused. TEX. PENAL CODE ANN. secs. 1.07(a)(24), 1.07(a)(28) (Vernon 1974); *Compton v. State*, 607 S.W.2d 246 (Tex.Crim.App.1980) (opinion on reh'g), *cert. denied*, 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981). In this case the State argues that Bunche, the security guard, had a greater right to possession of the property than the appellant.

■ The facts of this case are similar to those in *Smallwood v. State*, 607 S.W.2d 911, 913–14 (Tex.Crim.App.1980) (opinion on reh'g). In *Smallwood* the court held that evidence that a dock worker, who helped apprehend the accused, was employed by the department store, was sufficient to meet the special ownership requirement for purposes of the indictment alleging ownership in the dock worker. Similarly, evidence that Bunche was an employee of J.C. Penney is sufficient to show a greater right of possession in her than in appellant and to establish her as special owner of the property. Point of error number one is overruled.

The second and third points of error raised by appellant are encompassed by the standard of review for insufficient circumstantial evidence.

■ In reviewing the sufficiency of the evidence in a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia*, 443 U.S. 307, 317–18, 99 S.Ct. 2781,

2788, 61 L.Ed.2d 560, 572–73 (1979). Thus, it follows that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Jackson,* 672 S.W.2d at 803.

■ In his second point of error appellant claims the evidence is insufficient to support a conviction because although every reasonable hypothesis except guilt must be excluded, the State failed to exclude an hypothesis of his. While appellant correctly states the law, it does not provide a defense to him in this case. The State must disprove only *reasonable* hypotheses that would tend to exculpate the defendant's guilt. The state is not required to disprove *every* imaginable scenario. *See Carlsen v. State,* 654 S.W.2d 444, 450 (Tex. Crim.App.1983) (opinion on reh'g) (en banc); *Anderson v. State,* 701 S.W.2d 868 (Tex. Crim.App.1985) (en banc).

Appellant argues the State did not disprove his hypothesis that he was unable to steal the clothing because he was confined to a wheelchair. We note, the testimony shows that appellant was incapacitated in no way other than his ability to walk. Bunche testified that the appellant, while seated in the wheelchair, punched her in the mouth. The trier of fact could have reasonably concluded that the appellant had no trouble with upper body movement and was physically capable of removing the clothing from the display racks in the store. Testimony showed that the clothing racks were five feet above the ground or lower, and would have been within appellant's grasp. This is not inconsistent with the fact that he was confined to a wheelchair. We overrule appellant's point of error number two.

■ In his third point of error, appellant contends the evidence is insufficient to prove that he intended to deprive the owner of the property. Appellant mistakenly bases his contention on lack of direct evidence of intent. However intent can be inferred from acts, words, and conduct of the ac-

cused. *Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App.1982). Appellant argues that the jury could conclude from the fact that the property was partially visible in the wheelchair, that he did not know it was there, or else he would have concealed it. Therefore there was no direct evidence of his intent to steal.

■ Clearly the jury, as trier of fact, reasonably concluded that the appellant intended to steal the clothing. He was apprehended outside the store with the clothing tucked into his wheelchair, while still on the hangers and with merchandising tags intact. Further, the jury considered that appellant refused to cooperate with Bunche's request to return to the store and shoved the clothing at her. The evidence was sufficient for the jury to conclude the appellant intended to steal the clothing, and could have reasonably concluded he was rather a careless or inept thief. Point of error number three is overruled.

The judgment of the trial court is affirmed.