

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00423-CR

JEREMIAH LEONARD MARTINEZ                              APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

### FROM THE COUNTY COURT AT LAW OF WISE COUNTY
### TRIAL COURT NO. CR-70576

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant Jeremiah Leonard Martinez appeals his conviction for theft. In two points of error, Martinez contends that (1) the trial court erred by denying his motion for directed verdict and (2) the jury charge was fundamentally defective. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Background

On April 30, 2013, Annie Cook was working security at the Wal-Mart in Decatur, Texas, when she noticed two individuals, one male and one female, tampering with packages and looking around nervously. The suspects were later identified as Martinez and his wife, Velina. At trial, Cook testified that she followed the suspects throughout the store. Both Martinez and his wife had a cart, and Cook observed the couple pick up items and place them in the carts. After about an hour, Martinez placed a cooler in his cart and proceeded to the electronic section; Cook stated that he stopped in front of the phone display, picked up the cooler and set it on the side of the shopping cart, and began placing all the items in the basket into the cooler. After the cooler was filled, Cook observed Velina leave and return a short time later with another cooler and fill it up with the merchandise in her cart.

After all the items were placed in the coolers, Cook followed the couple toward the front of the store. Cook told the jury that she saw Martinez look around, bypass the registers, and head straight for the door. Martinez was behind his wife, and therefore, Velina was the first to walk through the doors into the vestibule. As soon as Velina walked through the theft detectors and the first set of doors, Cook stepped in front of her cart blocking her exit. Cook testified that she attempted to talk to both Martinez and his wife, but they refused to stay and left without making any attempt to pay.

After Cook described the events she witnessed, the State played the surveillance video for the jury. The video showed Martinez and his wife fill their carts with merchandise, conceal the merchandise in the coolers, and then attempt to leave the store. The jury saw Cook stop the suspects as she had described, as well as Martinez and his wife abandoning the carts and leaving the store.

The jury found Martinez guilty of theft of property valued at more than $500 but less than $1,500. The trial court accepted the verdict, sentenced him to one year in jail, and assessed a $4,000 fine.

### III. Directed Verdict

Martinez asserts that the trial court erred by denying his motion for directed verdict because the evidence failed to satisfy all the elements of the offense charged.

### A. Standard of Review

A challenge to the denial of a motion for instructed verdict is actually a challenge to the sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003). In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This

3

standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012) ("The essential elements of the crime are determined by state law."). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Byrd*, 336 S.W.3d at 246. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013); *see also Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements.").

4

## B. Analysis

Martinez argues that the evidence failed to establish (1) who owned the property and (2) that the property was appropriated unlawfully.

### 1. Ownership

Martinez asserts that the State presented no evidence that Cook was the owner of the property. Specifically, Martinez contends that there was no evidence that she had a greater right to possession, as alleged in the information.

The penal code defines theft as the unlawful appropriation of property with the intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03(a) (West 2011 & Supp. 2014); *see also* Tex. Penal Code Ann. § 1.07(35) (West 2011 & Supp. 2014) (defining "owner" as "a person who has . . . a greater right to possession of the property than the actor").

When a corporation is the actual owner, an allegation of ownership in a "special owner" is sufficient. *See Jackson v. State*, 270 S.W.3d 649, 657 (Tex. App.—Fort Worth 2008, pet. ref'd) (holding that an allegation of ownership may be in an actual owner or a special owner); *see also* Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009) (allowing an allegation of theft to be made in either the person who owns the property or another person who has possession of the property belonging to another).[2]

---

[2]An actual owner is one who owns the property; whereas, a "special owner" is an individual, such as an employee, who is in care, custody, or control

5

Here, Cook testified that she was employed at Wal-Mart as its "security asset protection person" at the time the offense occurred. This testimony was sufficient to establish Cook as a special owner of the property with a greater right to possession of it than Martinez. *See Gonzalez. v. State*, No. 13-11-00599-CR, 2013 WL 6834798, at *5 (Tex. App.—Corpus Christi July 29, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that when a loss prevention officer is the employee of the title owner, the evidence is sufficient to show that the employee had a greater right of possession to the property than the defendant); *Castle v. State*, 718 S.W.2d 86, 88 (Tex. App.—Fort Worth 1986, no pet.) (holding that an employee's position as a security guard employed by the department store was sufficient to establish her as a special owner); *see also Smallwood v. State*, 607 S.W.2d 911, 914 (Tex. Crim. App. 1979) (holding that security guard, as an employee of Dillard's, had a greater right of possession to the property than appellant did).

*2. Consent*

Martinez also argues that there is no evidence that the appropriation of the property was without Cook's effective consent because she did not testify to such.

---

of the property belonging to another person or a corporation. *Liggens v. State*, 50 S.W.3d 657, 660 (Tex. App.—Fort Worth 2001, no pet.); *see also Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993); *Roberts v. State*, 513 S.W.2d 870, 871–72 (Tex. Crim. App. 1974).

"Effective consent" is "consent by a person legally authorized to act for the owner." Tex. Penal Code Ann. § 31.01(3) (West 2011 & Supp. 2014). Lack of consent in theft cases may be proven by direct evidence or circumstantial evidence. *Taylor v. State*, 508 S.W.2d 393, 397 (Tex. Crim. App. 1974) (overruling cases holding that proof of consent may only be shown through direct evidence); *see also Hudson v. State*, No. 05-14-00224-CR, 2015 WL 1313984, at *4 (Tex. App.—Dallas Mar. 20, 2015, no pet. h.) (mem. op., not designated for publication) (noting that the State may prove lack of consent by direct or circumstantial evidence); *Silva v. State*, No. 08-04-00366-CR, 2006 WL 2080075, at *2 (Tex. App.—El Paso July 27, 2006, no pet.) (op., not designated for publication) (same).

Here, Cook testified that it was her job to keep theft from happening at the store. She stated that she watched Martinez and his wife for about an hour, and when Martinez and his wife tried to leave the store, she stopped them. The jury also saw the surveillance video, which confirmed her testimony.

Given Cook's actions in preventing Martinez from leaving the store with the merchandise, along with her testimony that it was her job to prevent merchandise from being stolen, there was sufficient evidence to prove that Cook did not give her effective consent. *See Ashby v. State*, 604 S.W.2d 897, 898 (Tex. Crim. App. 1979) (holding that there must be some evidence in the record to support the lack of consent but that the State's witnesses do not have to articulate the magic words "effective consent" and the lack thereof).

7

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that (1) Cook was a special owner and (2) Martinez took the property without her effective consent. Therefore, we overrule Martinez's first point of error.

## IV. Jury Charge

In his second point of error, Martinez asserts that the jury charge was fundamentally defective because it did not include all of the essential elements. Specifically, he argues that the information is fundamentally defective because it omits the phrase "without the effective consent of the owner," and because the jury charge references the information,[3] it too is fundamentally defective for failing to charge the jury on "all of the essential elements of the offense."

### A. Standard of Review

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error occurred, whether it was preserved determines the degree of harm required for

---

[3]The jury charge read as follows:

[I]f you believe from the evidence beyond a reasonable doubt, that on or about the 30th day of April, 2013, in the County of Wise, and State of Texas, *as alleged in the information*, Jeremiah Leonard Martinez, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit . . . . [Emphasis added]

reversal. *Id.* Unpreserved charge error warrants reversal only when the error resulted in egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006).

## B. Analysis

One of the three ways the code defines appropriation as unlawful is if it is without the owner's consent. *See* Tex. Penal Code Ann. § 31.03(b)(1) (West 2011 & Supp. 2014).

Martinez cites *Bradley* to support his assertion that an indictment for theft is fundamentally defective if it fails to allege that the taking was without the owner's effective consent. *Bradley v. State*, 560 S.W.2d 650, 651 (Tex. Crim. App. 1978) (holding that "[a]n indictment for theft which does not allege that the taking was without the owner's effective consent is fundamentally defective"). Martinez's reliance on *Bradley*, however, is misplaced. More than thirty years have passed since the Court of Criminal Appeals retreated from *Bradley*.[4] *See McClain v. State*, 687 S.W.2d 350, 355 (Tex. Crim. App. 1985) (stating that section 31.03(b)(1) and (2)[5] are only "*circumstances surrounding* the conduct,"

---

[4]*See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(4) & cmt. 3, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

[5]Not relevant here, the code also defines appropriation as unlawful if "the property is stolen and the actor appropriates the property knowing it was stolen by another." Tex. Penal Code Ann. § 31.03(b)(2) (West 2011 & Supp. 2014).

9

and do not "constitute 'acts or omissions' of the defendant" and therefore "have evidentiary import only in terms of establishing the 'unlawfulness' of the appropriation, and the defendant is not entitled to have them expressed in the State's charging instrument as a matter of 'form'"); *see also Ex parte Luna*, 784 S.W.2d 369, 371 (Tex. Crim. App. 1990) (holding that "failure to allege that the property was appropriated without the owner's effective consent does not render the indictment fundamentally defective"); *Berg v. State*, 747 S.W.2d 800, 809 (Tex. Crim. App. 1984) (holding that "[t]he State need only prove the offense as stated in Section 31.03(a).  To plead . . . the offense in terms of Section 31.03(b)(1) and (2) is to plead evidentiary matters which are surplusage and in point of fact give the accused more notice than is constitutionally required").

The information in this case read as follows:

> I, James Stainton/Robert Carper, County Attorney of Wise County, Texas, on the written affidavit of Alan Wilson, a competent and credible person, herewith filed in the County Court at Law of Wise County, Texas, do present in and to said Court that on or about the 30th day of April, 2013, and before the making and filing of this information in the County of Wise and the State of Texas, *Jeremiah Leonard Martinez*, Defendant, did then and there *unlawfully appropriate*, by acquiring or otherwise exercising control over, property, to-wit:  miscellaneous merchandise, of the value of $500 or more but less than $1,500, *from Annie Cook*, who had the right of possession and control, the owner thereof, *with intent to deprive the owner of the property*. [Emphasis added.]

Here, the State's information alleged all the elements necessary to constitute theft.  *See Geick v. State*, 349 S.W.3d 542, 546 (Tex. Crim. App. 2011) ("In order to charge theft, absent a notice-based motion to quash, a charging

10

instrument need allege only the statutory elements of the offense: the charged person unlawfully appropriated property with the intent to deprive the owner of property."); *Ex parte Luna*, 784 S.W.2d at 371 (holding that "in theft cases, the State need only allege that the person (1) unlawfully appropriated property (2) with the intent to deprive the owner of the property").

Furthermore, in addition to the essential elements, the court's charge also included the definition of unlawful appropriation: "Appropriation of property is unlawful if it is without the owner's effective consent." Therefore, we hold that neither the information nor the jury charge contained error on the ground stated.

Having found no error, our analysis ends. We overrule Martinez's second point of error.

## V. Conclusion

Having overruled both of Martinez's points of error, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: GARDNER, WALKER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 30, 2015