

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00425-CR

MICHAEL ROY SHORT                                                 APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1343102D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue in this appeal from a robbery[2] conviction, appellant Michael Roy Short contends that the evidence is insufficient to show that the special owner from whom the State alleges he appropriated property had a greater right to possession of the property than he did. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.02(a)(1) (West 2011).

## Background Facts

One day in September 2013, appellant went to the automotive department of a Wal-Mart store, selected some headlights, and walked into a bathroom. Cole Brock, an asset protection specialist for Wal-Mart,[3] noticed appellant walking briskly and began to monitor him. Appellant left the bathroom, walked through the store, passed the cash registers, and exited. Brock did not approach appellant because at that time, he was not sure that appellant had any of the store's merchandise.

Once outside, appellant pulled the headlights out from beneath the front of his pants. After spending approximately one minute outside, appellant reentered the store and exchanged the headlights, which looked like they had been tampered with, for a gift card with a value of $51.83, which could be treated like cash inside Wal-Mart. He eventually attempted to exit the store a second time when Brock and an off-duty police officer, Robert San Filipo, confronted him. Appellant immediately attempted to run away but was caught by Officer San Filipo, whom appellant punched in the jaw. Officer San Filipo tackled appellant and eventually used a Taser to subdue him.

A grand jury indicted appellant with robbery. The indictment included a paragraph alleging that appellant had been previously convicted of burglary. Appellant received appointed counsel and pled not guilty.

---

[3]Brock testified that he had been employed by Wal-Mart as an asset protection specialist for several years.

After the parties completed their presentation of evidence and arguments in the guilt-innocence phase of the trial, a jury convicted appellant of robbery. The trial court heard evidence related to appellant's punishment (including his criminal history), found the indictment's enhancement allegation to be true (based on appellant's plea of true), and sentenced him to twenty years' confinement. Appellant brought this appeal.

## Alleged Insufficiency of Evidence

In his sole issue, appellant challenges the sufficiency of the evidence to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

Appellant contends that the State "failed to adduce evidence that [Brock] had a greater right of possession of either the Sylvania headlights or the Wal-Mart gift card than [he did]. The State's evidence is therefore insufficient to support the judgment so [appellant] is entitled to an acquittal." A person commits robbery if he intentionally, knowingly, or recklessly causes bodily injury to another

3

"in the course of committing theft . . . and with intent to obtain or maintain control of the property." Tex. Penal Code Ann. § 29.02(a)(1). Theft occurs when a person "unlawfully appropriates property with intent to deprive the owner of property." *Id.* § 31.03(a) (West Supp. 2014); *see Byrd v. State*, 336 S.W.3d 242, 250–51 (Tex. Crim. App. 2011) (explaining that the "gravamen of theft is two-pronged—taking certain specified property away from its rightful owner or depriving that owner of its use or enjoyment"). An "owner" of property includes someone with a greater right to possession of the property than the defendant. Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2014); *see Sandone v. State*, 394 S.W.3d 788, 791 (Tex. App.—Fort Worth 2013, no pet.). "Possession" of property includes control or management of it. Tex. Penal Code Ann. § 1.07(a)(39).

When property is owned by a corporation, proof of a "special owner" is sufficient to satisfy the ownership requirement. *Martinez v. State*, No. 02-14-00423-CR, 2015 WL 1967442, at *2 (Tex. App.—Fort Worth Apr. 30, 2015, no pet.) (mem. op., not designated for publication); *Jackson v. State*, 270 S.W.3d 649, 657 (Tex. App.—Fort Worth 2008, pet. ref'd) (explaining that a special owner "is an individual, such as an employee, who is in care, custody, or control of the property belonging to another person or a corporation" and holding that an auto dealership's finance director qualified as a special owner of a car).

The facts in this case closely resemble those in *Martinez*. There, we held that an employee's testimony that she was a "security asset protection person" at

4

Wal-Mart was sufficient to establish her position as a special owner that had a greater right to possession of Wal-Mart's property than the defendant. *Martinez*, 2015 WL 1967442, at *2. Similarly, here, Brock testified that he is an "Asset Protection Specialist" employed by Wal-Mart to prevent the loss of stolen merchandise. He said that he attempts to prevent thefts from the store by "walking the store and observing certain elements enabling [him] to make apprehensions." He also testified that he uses multiple cameras and a "Pan/Tilt/Zoom" system to catch shoplifters. He referred to Wal-Mart's property as "my product."

Appellant relies on the court of criminal appeals's decision in *Freeman v. State*, 707 S.W.2d 597 (Tex. Crim. App. 1986). There, the court decided the question of "whether . . . Marsha F. Bourke, a security guard employed by Sears . . . had the greater right to possession of property owned by that company than did Gwendolyn Elaine Freeman, . . . a fellow employee of Bourke's who worked as a cashier-clerk at the same store." *Id.* at 600. While the court ultimately affirmed the theft conviction, it noted that before the commission of the offense, by Bourke's and Freeman's common positions as employees of the store, they had "equal competing possessory interests in [the] property." *Id.* at 603–04, 606. No such evidence exists to show that appellant and Brock ever had equal and competing interests in the property that appellant stole.

Viewing the evidence and reasonable inferences in the light most favorable to the jury's verdict, we affirm the jury's implicit finding that Brock was a special

5

owner and had a greater right to possession of the property than appellant. *See Martinez*, 2015 WL 1967442, at *2; *see also Smallwood v. State*, 607 S.W.2d 911, 914 (Tex. Crim. App. 1979) (op. on reh'g) (holding that an employee of a department store, by virtue of the employment, had a greater right of possession of stolen slacks than the defendant); *Gonzalez v. State*, No. 13-11-00599-CR, 2013 WL 6834798, at *5 (Tex. App.—Corpus Christi July 29, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that when a loss prevention officer is the employee of the title owner, the evidence is sufficient to show that the employee has a greater right of possession to the property than the defendant); *Liggens v. State*, 50 S.W.3d 657, 660 (Tex. App.—Fort Worth 2001, pet. ref'd) ("Hammack had worked for Albertson's eighteen years . . . . This was sufficient evidence . . . from which a rational trier of fact could have found beyond a reasonable doubt that Hammack had a greater right to the actual care, custody, control, or management over the merchandise than appellant."); *Tucker v. State*, No. 14-97-00261-CR, 1999 WL 33634, at *2 (Tex. App.—Houston [14th Dist.] Jan. 28, 1999, no pet.) (not designated for publication) ("Security guards or 'loss prevention agents' are hired to protect a company's property and keep it from being stolen. By virtue of this employment, these guards and agents have a greater right to possession of stolen property than do those charged with unlawfully appropriating it."); *Castle v. State*, 718 S.W.2d 86, 88 (Tex. App.—Fort Worth 1986, no pet.) ("[E]vidence that Bunche was an employee of J.C. Penney is sufficient to show a greater right of possession in her than in appellant and to

6

establish her as special owner of the property."). We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015