

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00033-CR

| | | |
|---|---|---|
| Gloria Sandone | § | From County Criminal Court No. 5 |
| | § | of Denton County (CR-2010-05127-E) |
| v. | § | January 17, 2013 |
| | § | Opinion by Chief Justice Livingston |
| The State of Texas | § | (p) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Chief Justice Terrie Livingston



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00033-CR**

GLORIA SANDONE                                  APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

----------

## OPINION

----------

In two issues, appellant Gloria Sandone appeals her Class B misdemeanor conviction for theft of property valued at $50 or more but less than $500.[1] We affirm.

----

[1]*See* Tex. Penal Code Ann. § 31.03(a), (e)(2)(A)(i) (West Supp. 2012).

## Background Facts[2]

One afternoon in June 2010, Eric Butler, who is a loss prevention supervisor for J.C. Penney, was working in a Lewisville store when he saw appellant in the men's clothing area. Appellant had several pairs of pants draped across her arm, and according to Butler, she "selected a tie very quickly without looking at the price." Appellant then selected three more ties, looked around, and concealed the four ties in a bag that already contained clothing. Butler watched appellant walk to a cash register and make two piles of clothing. One pile contained the clothing from the bag (four pairs of pants and the four ties that Butler saw appellant take), and the other pile contained the clothing that appellant had draped on her arm. At the register, appellant exchanged the clothes from the bag (as if she had already purchased them) for the clothes that she had draped on her arm. Butler eventually saw appellant leave the store, identified himself as a loss prevention officer, asked her to reenter the store, and told her about what he had seen. When appellant denied Butler's allegation that she had committed theft, Butler called the police.

Lewisville Police Department Officer Chang Chi arrived at the store's loss prevention office and asked appellant what had happened. Appellant said that she had previously bought some dress clothes for her son and that she had

---

[2]At trial, the State and appellant presented different versions of the facts. We will first recite the evidence elicited from the State's witnesses, and we will summarize appellant's testimony later in the opinion.

3

taken those clothes into the store to exchange them for other clothes. Officer Chi looked at the pants that appellant claimed to have brought in the store, and he noticed that they were different sizes. For example, one pair of the pants had a thirty-eight-inch waist, while another pair had a thirty-two-inch waist. Officer Chi believed that the pants' size discrepancies were inconsistent with appellant's claim to have bought them for her son. Appellant told Officer Chi that the receipt for the pants was with her son in Houston. She also asked Officer Chi if he could give her a ticket instead of taking her to jail. After completing his investigation, Officer Chi arrested appellant for stealing the ties.[3]

The State charged appellant with theft. The charging instrument alleged that she had unlawfully appropriated "neckties, of the value of $50 or more but less than $500 from Eric Butler, the owner thereof, with intent to deprive the owner of the property." Appellant pled not guilty. At trial, she testified that she had bought four pairs of pants and four ties for her son from a woman at a motel, that she took those clothes into the store, and that she told someone that she wanted to exchange them before she did so. Appellant denied taking ties and concealing them in her bag. She testified that she had falsely told Officer Chi that her son had a receipt because it was "easier at the time than saying . . . that [she] bought them from somebody in the motel."

---

[3]Officer Chi testified that he did not have enough evidence to arrest appellant for theft of the pants that were in the bag.

4

After listening to the evidence and the parties' arguments, the jury convicted appellant. In accordance with an agreement between the parties, the trial court assessed her punishment at 160 days' confinement but suspended the imposition of that sentence and placed her on community supervision. Appellant brought this appeal.

**Butler's Testimony Concerning Value**

In her first issue, appellant argues that the trial court erred by allowing Butler to testify about the value of the ties because Butler was not qualified to do so and because his testimony was based on hearsay. When a prosecutor asked Butler about the value of the ties that Butler saw appellant take, appellant objected on the basis that Butler was not qualified to render an opinion on value. Appellant's counsel contended, "[W]hile [Butler] may constitute a special owner for purposes of care, custody, control and permission, he is not an owner such that [he] can testify to value." The State contended that Butler had knowledge of the value of the ties because he had looked at their price tags, but appellant argued that the price tags were hearsay. The State then argued that as the owner of the ties and as a result of his position at the store, Butler could testify about their value. The trial court overruled appellant's objection to Butler's testimony about value, and Butler testified that each of the four ties was valued at $30. Also, over appellant's hearsay objection, the trial court admitted State's Exhibit One, which stated that the four ties were collectively valued at $120.

5

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Lozano v. State*, 359 S.W.3d 790, 817 (Tex. App.—Fort Worth 2012, pet. ref'd). The trial court does not abuse its discretion by admitting evidence unless its determination lies outside the zone of reasonable disagreement. *Id.*; *see also Davila v. State*, 547 S.W.2d 606, 610 (Tex. Crim. App. 1977) (applying the abuse of discretion standard to a trial court's admission of a witness's testimony about the value of a truck).

To obtain appellant's conviction for Class B misdemeanor theft, the State was required to prove that she unlawfully appropriated property that was valued at $50 or more but less than $500 with the intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03(a), (e)(2)(A)(i). The owner of property is a person who has "title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." *Id.* § 1.07(a)(35)(A) (West Supp. 2012). Value, for the purpose of classifying a theft offense, is generally the fair market value of the property at the time and place of the offense. *Id.* § 31.08(a)(1) (West 2011).

Fair market value may be proved by, among other means, testimony of the owner's opinion of the value of the property. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991). In *Sullivan v. State,* the court of criminal appeals distinguished the requirements for admissibility of testimony concerning value from a non-owner of property as opposed to an owner, stating in part,

6

It has long been the rule in this State that the owner of property is competent to testify as to the value of his own property. This rule applies both in criminal theft cases and in cases which involve only civil issues.

. . . .

It is settled that when the State seeks to establish the value of an item of property *through the testimony of a non-owner the witness must first be qualified as having personal knowledge of the value of the property*. Furthermore, to establish sufficient evidence of value the State must elicit testimony as to the fair market value of the property in question.

We have held, however, that while fair market value must be established if the testimony concerning value is given by someone other than the owner, *the owner is competent to testify as to value though he is not qualified as an expert on the value of the property*. . . .

. . . .

Thus, there seems to be two corollaries to the rule regarding proof of value. *When the proof of value is given by a non-owner, the non-owner must be qualified as to his knowledge of the value of the property* and must give testimony explicitly as to the fair market value or replacement value of the property.

However, when the owner of the property is testifying as to the value of the property, he or she may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms. Testimony of this nature is an offer of the witness' best knowledge of the value of his property.

701 S.W.2d 905, 908–09 (Tex. Crim. App. 1986) (emphasis added) (citations omitted); *see Holz v. State*, 320 S.W.3d 344, 350 (Tex. Crim. App. 2010) ("*Sullivan* affirmed that fair market value should be used to establish the value of property stolen in theft cases, and held that an owner's testimony was sufficient to prove fair market value."). Various courts of appeals have applied the

rationale expressed in *Sullivan* to hold that the State is not required to prove that an owner of property is qualified based on knowledge of the value of the property before the owner may give testimony about value. *See Fernandez v. State*, No. 08-10-00153-CR, 2011 WL 1849541, at *2 (Tex. App.—El Paso May 11, 2011, no pet.) (not designated for publication); *Morales v. State*, 2 S.W.3d 487, 488 (Tex. App.—Texarkana 1999, pet. ref'd); *Jones v. State*, 814 S.W.2d 801, 803 (Tex. App.—Houston [14th Dist.] 1991, no pet.) ("It has long been the rule in this State that the owner of property is competent to testify as to the value of his own property.").

Based on this authority, we must conclude that the trial court did not abuse its discretion by overruling appellant's first objection that Butler was not properly qualified to testify as an expert on value. Concerning his position at J.C. Penney, Butler testified, "I'm in charge of all of the safety in the store. All the apprehensions, all the internal investigations. . . . I'm in charge of my staff. . . . So I have to make sure all the apprehensions are up to par." As J.C. Penney's loss prevention supervisor, Butler had a greater right to possession of the ties than appellant, and that made him the ties' owner, just as the State pled in its charging instrument. *See* Tex. Penal Code Ann. § 1.07(a)(35)(A); *Castle v. State*, 718 S.W.2d 86, 88 (Tex. App.—Fort Worth 1986, no pet.) ("[E]vidence that Bunche was an employee of J.C. Penney is sufficient to show a greater right of possession in her than in appellant and to establish her as special owner of the property."). Because Butler was the owner of the ties, he could offer an opinion

8

on their value without the State's presentation of evidence that he was qualified on the basis of knowledge as an expert. *See Holz*, 320 S.W.3d at 350; *Sullivan*, 701 S.W.2d at 908–09.

Appellant argues that Butler was not competent to testify about value because he was not the "true owner" of the ties but instead was only the "special owner" of them. A "special owner" is someone, like Butler, who has custody or control of property belonging to another person. *Garza v. State*, 344 S.W.3d 409, 412–13 (Tex. Crim. App. 2011) (explaining that penal code section 1.07(a)(35)(A)'s definition of "owner" eliminates distinctions between general and special owners); *Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011). Contrary to appellant's argument, we have found several cases in which courts held that special owners of property are competent to testify to value under the standard applied to owners in *Sullivan*. *See Garza*, 344 S.W.3d at 414 ("As a proper special owner, [an employee of a business] was competent to attest to the value of the stolen property . . . ."); *Proctor v. State*, No. 14-96-00895-CR, 1998 WL 470355, at *1 (Tex. App.—Houston [14th Dist.] Aug. 13, 1998, no pet.) (not designated for publication) (holding that a motorcycle owner's brother, who had care, custody, and control of the motorcycle, was competent under *Sullivan* to testify about the value of the motorcycle); *Dodson v. State*, No. 04-96-00427-CR, 1997 WL 136500, at *3–4 (Tex. App.—San Antonio Mar. 26, 1997, no pet.) (not designated for publication) (concluding that the manager of a Wal-Mart store qualified as an owner of the property at issue and that the manager's testimony

9

was therefore admissible under *Sullivan* to establish value); *Jones v. State*, 814 S.W.2d 801, 803–04 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (holding that a project manager at a construction site was competent under *Sullivan* to testify about the value of mullions that had been stolen from the site because the project manager qualified as an owner of the mullions). Appellant has not directed us to any cases in which a court held that a special owner was not qualified to testify about the value of property under the standard for owners expressed in *Sullivan*, and we have found none.

Appellant also argues that "any information [Butler] possessed [about value] would have necessarily been based on unreliable hearsay." In a brief hearing outside of the presence of the jury about the admissibility of Butler's testimony, the State represented that Butler had "inspected the items that were taken" and had "looked at the price tags." Appellant objected on the basis that the price tags were hearsay. We cannot conclude that the trial court abused its discretion by overruling this objection because Texas courts, including the court of criminal appeals, have consistently held that hearsay evidence is admissible when proving value in a theft case. *See, e.g.*, *Gonzales v. State*, 478 S.W.2d 522, 524 (Tex. Crim. App. 1972) ("This court has consistently held that hearsay evidence is admissible as proof of market value."); *Ortiz v. State*, 727 S.W.2d 37, 40 (Tex. App.—San Antonio 1987, pet. ref'd) ("[T]he case before us involves hearsay testimony of price tags which was admissible to prove value.").

For all of these reasons, we hold that the trial court did not abuse its discretion by admitting Butler's testimony about the value of the ties, and we overrule appellant's first issue.

**Officer Chi's Testimony Concerning His Conversation with Appellant**

In her second issue, appellant argues that the trial court erred by allowing Officer Chi to testify about his conversation with appellant on the date of her arrest because the evidence did not establish that appellant received *Miranda*[4] warnings or that Officer Chi followed article 38.22 of the code of criminal procedure while questioning appellant.[5] During the trial, the State questioned Officer Chi about whether he had asked appellant any questions upon meeting her in J.C. Penney's loss prevention office. Appellant objected on the grounds that Officer Chi had not first issued appellant *Miranda* warnings and that appellant's verbal statements were not recorded. The State argued that *Miranda* warnings and the recording of appellant's statements were not required because appellant had not been subjected to a custodial interrogation. Outside of the jury's presence, Officer Chi testified that appellant was not arrested during the

---

[4]*See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630 (1966).

[5]*See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (West 2005) (setting forth requirements for the admissibility of a defendant's oral statement that is made during a custodial interrogation, including that the statement must be electronically recorded).

11

questioning but that she was not free to leave. The trial court overruled appellant's objection.

After the trial court overruled the objection, Officer Chi testified that on the date of appellant's arrest, she had told him that she had previously purchased dress clothes for her son, who had recently graduated from law school in Houston, and that her son had the receipt for the clothes. Officer Chi also testified that appellant had asked him if he could "just write her a ticket and let her go." But before Officer Chi testified and before appellant objected, all of these statements from appellant had already been introduced into evidence, without objection, through Butler's testimony.

The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection."); *Hill v. State*, 303 S.W.3d 863, 876 (Tex. App.—Fort Worth 2009, pet. ref'd). Thus, even if we were to conclude that appellant was subjected to custodial interrogation from Officer Chi, that he should have given her *Miranda* warnings, and that he failed to comply with article 38.22 of the code of criminal procedure, we would be compelled to determine beyond a reasonable doubt that appellant was not harmed by the admission of Officer Chi's testimony about appellant's statements because Butler testified to the same

12

facts without objection. *See* Tex. R. App. P. 44.2(a); *Hill*, 303 S.W.3d at 876; *see also Campbell v. State*, 325 S.W.3d 223, 238–39 (Tex. App.—Fort Worth 2010, no pet.) (applying the constitutional error harm standard of rule 44.2(a) to decide that there was no harm from a violation of a defendant's right to receive *Miranda* warnings and declining to conduct a separate analysis of harm, relating to a violation of article 38.22, under rule 44.2(b)'s nonconstitutional error standard). We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED:  January 17, 2013