**Affirmed and Memorandum Opinion filed April 18, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00667-CR

---

**STEPHEN GUY ELLIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1317100**

---

## MEMORANDUM OPINION

In a single issue, appellant contends the trial court erred by admitting his videotaped interview with a police officer. We affirm.

### I. BACKGROUND

On August 18, 2011, appellant was driving on a highway in Harris County when he was involved in a vehicular accident that resulted in the death of the

driver of another vehicle. Deputy Drake arrived at the scene and conducted a videotaped interview with appellant.[1] When asked by Deputy Drake whether he had consumed any alcohol, appellant responded he had consumed two shots of liquor almost two hours before driving. After the interview, Deputy Drake asked Deputy Smith to conduct an alcohol-impairment investigation regarding appellant. Deputy Smith's interaction with appellant was videotaped. Deputy Smith had appellant perform field sobriety tests and then read appellant his *Miranda* warnings (which appellant waived) and questioned him. Appellant's answers to Deputy Smith were substantially the same as his answers to Deputy Drake, including he had consumed two shots of liquor before driving.

Appellant was charged with intoxication manslaughter. During trial, the trial court overruled appellant's objection to Deputy Drake's video and admitted the video. The trial court also admitted without objection Deputy Smith's video.[2] A jury convicted appellant, also finding he used a motor vehicle as a deadly weapon, and assessed punishment at eight years' confinement.

### III. ANALYSIS

In his sole issue, appellant contends the trial court erred by admitting Deputy Drake's video because appellant was not read his *Miranda* rights or similar statutory rights before being questioned. However, erroneously admitted evidence can be rendered harmless if other evidence at trial is admitted without objection and proves the same fact the inadmissible evidence proved. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986); *see also Sandone v. State*, --- S.W.3d ---, No. 02-12-00033-CR, 2013 WL 173765, at *5 (Tex. App.—Fort Worth

---

[1] For purposes of this opinion, we need not determine whether appellant was in custody during his police questioning.

[2] In fact, appellant affirmatively stated he had no objection to Deputy Smith's video.

Jan. 17, 2013, no pet. h.) (concluding, even if admission of appellant's statements was erroneous due to *Miranda* violation, such error was harmless because another witness testified without objection about same statements).

Although appellant objected to the admission of Deputy Drake's video, appellant did not object to admission of Deputy Smith's video. In both videos, appellant provided substantially similar answers to police questions, including he had consumed two alcoholic drinks before driving. Accordingly, assuming the trial court erred by admitting Deputy Drake's video, we hold any such error was rendered harmless by the admission of Deputy Smith's video. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/     John Donovan
        Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).