

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00548-CR

WILLIAM EUGENE MOORE                                                APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant William Eugene Moore appeals his conviction for Class B misdemeanor theft of property valued at $50 or more but less than $500. *See* Tex. Penal Code Ann. § 31.03(a), (e)(2)(A)(i) (West Supp. 2013). After the jury found Moore guilty, the trial court sentenced him to thirty days' imprisonment and

---

[1]*See* Tex. R. App. P. 47.4.

a $300 fine, suspended the sentence, and placed Moore on community supervision for twelve months. In two issues, Moore contends that the trial court abused its discretion by admitting a video of his interview with Keller police and that the evidence is insufficient to support the jury's verdict. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Moore worked for Grand Homes, a construction company building homes in a subdivision in Keller, Texas. Jose Mejia worked as a contractor for K. Hovnanian, a construction company building homes in the same community. Mejia cleaned construction sites for K. Hovnanian.

While cleaning a K. Hovnanian home, Mejia saw Moore loading building materials from a neighboring K. Hovnanian home onto his vehicle. Mejia approached Moore and asked if he worked for K. Hovnanian. Mejia told Moore to wait for the K. Hovnanian builder, Brandon Tatta, to arrive and verify that Moore had permission to take the materials from the home. Another K. Hovnanian worker called Tatta to alert him to the situation while a third worker took pictures of the scene with his phone. Tatta immediately called the police and walked to Mejia's location because K. Hovnanian had a recurring problem with theft in the area. Moore left the scene before Tatta arrived. When police arrived, Tatta gave Officer James Intia the photos of the scene and listed the missing building materials.

Officer Intia later identified the vehicle in the photos as belonging to Moore and questioned him about the incident. Moore told Officer Intia that he had

permission to take the building materials.  Moore also spoke to Keller Police Detective Matthew Moore in a videotaped interview.  In the interview, Moore maintained that while he did take the building materials, he had mistakenly believed that Grand Homes owned the construction site and the building materials at the site.  Moore denied ever speaking to Mejia.  Detective Moore showed Moore the photos of the scene depicting Moore and Mejia at the construction site.  After seeing the photos, Moore admitted that he had spoken to Mejia at the scene but said that Mejia had spoken to him in Spanish, which Moore does not understand.

### III. NO ABUSE OF DISCRETION IN ADMISSION OF VIDEO EVIDENCE

In his first issue, Moore contends that the trial court abused its discretion by admitting as State's Exhibit 1 the video recording of Moore's interview with Detective Moore.

### A. Standard of Review

This court reviews the trial court's decision to admit evidence under an abuse of discretion standard.  *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200 (1997); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision.  *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does

3

not demonstrate that an abuse of discretion has occurred. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

### B. Videotape Evidence

Moore argues that because he admitted taking the materials and relied on the mistake of fact defense at trial, the videotaped statement of him admitting taking the materials was needlessly cumulative and its probative value was substantially outweighed by its effect on the efficiency of the trial.

Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed . . . by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. Once a defendant objects to video evidence based on cumulativeness, the trial court must balance the probativeness of the evidence against any tendency the evidence has to prolong the trial to the defendant's detriment. *See Ladd v. State*, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999) (citing *Alvarado v. State*, 912 S.W.2d 199, 213 (Tex. Crim. App. 1995) (plurality op.)), *cert. denied*, 529 U.S. 1070 (2000). The concern for needless presentation of cumulative evidence and undue delay involves the efficiency of the judicial process rather than the threat of inaccurate decisions. *See Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006).

At trial, the State presented photographic evidence and Mejia's testimony showing that Moore stopped at the scene in his vehicle and spoke to Mejia. Mejia testified that he spoke to Moore in English, asked him if he worked for K.

4

Hovnanian, and told him to wait for the builder to arrive.[2]  In Moore's videotaped statement, Moore repeatedly denied ever talking to Mejia and claimed that the photos taken at the scene only show him passing through the subdivision.  Later in the video, Moore contradicted these statements when he admitted to stopping his vehicle and talking to Mejia.  Moore also maintained throughout the remainder of the video that he did not understand Mejia and that Mejia spoke to him only in Spanish.

Moore argues that because evidence other than the video showed that he admitted to taking the building materials—albeit based on the mistaken belief that they belonged to Grand Homes—the video of his admission was needlessly cumulative.  But the video showed more than Moore's admission that he took the materials; it included statements by Moore contradicting himself and conflicting with other evidence presented at trial.  Based on those statements, the jury could have determined that Moore did not mistakenly believe that he could remove the materials from the home but instead took the materials knowing that they belonged to K. Hovnanian.  *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000) (noting that making false statements to cover up crime is evidence indicating a consciousness of guilt and is admissible to prove commission of offense); *Alvarado*, 912 S.W.2d at 213.  Thus, we conclude that the trial court

---

[2]Officer Intia, Detective Moore, and Tatta testified at trial that although Mejia does not speak English fluently, he spoke to each of them in English and they each understood him.  Additionally, Mejia testified at trial that he does speak some English and that he told Moore in English "to wait for the builder."

acted within its discretion by determining that the probative value of the videotape was not greatly outweighed by needless presentation of cumulative evidence or by its effect on the trial's efficiency.  *See Green*, 934 S.W.2d at 101–02; *Montgomery*, 810 S.W.2d at 391.  We overrule Moore's first issue.

### IV. EVIDENCE IS SUFFICIENT TO PROVE PROPERTY VALUE

In his second issue, Moore argues that the evidence is insufficient to show that the value of the building materials was $50 or more to support his class B misdemeanor theft conviction.  *See* Tex. Penal Code Ann. § 31.03(e)(2)(A)(i).

### A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence.  *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768.  Thus, when performing an evidentiary sufficiency review, we

6

may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

## B. Sufficiency of the Evidence

To obtain Moore's conviction for Class B misdemeanor theft, the State had to prove that Moore unlawfully appropriated property valued at $50 or more but less than $500 with the intent to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03(a), (e)(2)(A)(i). Value is generally the fair market value of the property at the time and place of the offense. *Id.* § 31.08(a)(1) (West 2011). An owner's testimony opinion may prove fair market value of the property. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *see Sullivan v. State*, 701 S.W.2d 905, 908–09 (Tex. Crim. App. 1986) (distinguishing the requirements for admissibility of testimony concerning value from a non-owner of property as opposed to an owner); *see also* Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2013) (defining an owner of property as a person who has "title to the property, possession of the property, whether lawful or not,

7

or a greater right to possession of the property than the actor"). When the owner of the property testifies as to the value of the property, he may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms. *See Sandone v. State*, 394 S.W.3d 788, 792 (Tex. App.—Fort Worth 2013, no pet.) (citing *Sullivan*, 701 S.W.2d at 908–09). Testimony of this nature is an offer of the witness's best knowledge of the value of his property. *See Sullivan*, 701 S.W.2d at 908–09. This is true even in the absence of a specific statement as to "market value" or "replacement value." *Id.*

In the instant case, Tatta, the owner of the stolen building materials, testified that he "speculat[ed]" that the value of the missing building materials was estimated at $200. Tatta could not identify from the photos depicting the materials in Moore's vehicle the number of materials in the vehicle or the cost of each item in the vehicle. But he did state that there was "zero doubt in [his] mind" that the total value of the materials was more than $50. Additionally, when the State provided Tatta with a list of the items taken from the construction site, Tatta added up the value of the items on the list and stated that the value of the stolen items was $208.33.

It is the duty of the jury to resolve any conflicts in the evidence. *See, e.g.*, *Keeton*, 803 S.W.2d at 306 (presenting factfinder with two values to choose between in determining fair market value). Here, Tatta provided the jury with his estimation as to the value of his stolen property and the jury determined that the value of the property was more than $50 and less than $500. A reviewing court

should not second guess that determination. *Jackson*, at 319, 99 S. Ct. at 2789; *Winfrey*, 393 S.W.3d at 768. Viewing the evidence in the light most favorable to the prosecution, we hold that the evidence is sufficient to support the jury's verdict for Class B misdemeanor theft. *See* Tex. Penal Code Ann. § 31.03(a), (e)(2)(A)(i). We overrule Moore's second issue.

## V. CONCLUSION

Having overruled each of Moore's two issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 27, 2014