

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00202-CR

CHAQOIA CHANDRELLE GOULD                           APPELLANT

V.

THE STATE OF TEXAS                                       STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1273152R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Chaqoia Chandrelle Gould appeals her conviction and fifteen-year sentence for aggravated robbery with a deadly weapon.[2]  In one issue, she challenges the trial court's decision to admit parts of her video-recorded interview

----------

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

with the police on the ground that those parts violated rule of evidence 403. We affirm.[3]

**Background Facts**

In February 2010, appellant and Gary Wayne Bryant invaded Elida Salas's Fort Worth home. That morning, appellant, who was dressed nicely, knocked on Salas's door. After Salas answered the door and appellant asked for a lady who lived across the street, Bryant forced his way through the door while pulling Salas's hair and holding a gun. He hit Salas with the gun several times in the course of stealing money, jewelry, and electronics. Beaten and bleeding, Salas believed she would be killed.

While Bryant searched the home, appellant stood with Salas and used a cell phone several times. Bryant gave appellant the gun while he loaded a television into a car. Appellant pointed the gun at Salas's head. Upon leaving the home, appellant wiped a door handle with a towel to remove fingerprints. Bryant drove one of Salas's cars away from the scene, while appellant drove her own car. Salas called 911.

After the robbery, Fort Worth Police Department Detective Ernie Pate interviewed Salas. Months later, the police obtained DNA linking Bryant to the robbery. Salas identified him in a photo spread. Detective Pate continued his

---

[3]This case was originally submitted on March 29, 2013. On June 10, 2014, the court, on its own motion, ordered the appeal to be resubmitted on July 1, 2014; assigned this case to a new panel; and assigned the undersigned to author the opinion.

2

investigation to find the female perpetrator, and from one of Bryant's acquaintances, he received information to look for a black female named Chaqoia, who was an exotic dancer and had tattoos on her buttocks that said "boss" and "bitch." Detective Pate and a partner began visiting strip clubs, and they eventually centered their investigation on appellant. She was arrested in June 2011. Following her arrest, she participated in a recorded interview with Detective Pate. During the interview, she admitted her participation in the robbery.

A grand jury indicted appellant for aggravated robbery with a deadly weapon. She filed several pretrial motions, including a motion to suppress, in which she sought to exclude parts of the interview because they were more unfairly prejudicial than probative. The trial court ordered several redactions but overruled appellant's further objections.

At trial, the court entered a plea of not guilty on appellant's behalf. Over appellant's repeated objections, the court admitted the redacted recording of the interview. After the parties presented evidence and arguments, the jury convicted appellant and set her punishment at fifteen years' confinement. The trial court sentenced her accordingly, and she brought this appeal.

## Alleged Error under Rule 403

In her only issue, appellant argues that the trial court should have excluded parts of the recorded interview in which she discussed her failure to report the

3

robbery, her employment as an exotic dancer, and her tattoos. She asserts that these portions were unfairly prejudicial and misleading to the jury.

**Standard of review and applicable law**

We review a trial court's admission of evidence for an abuse of discretion. *Sanders v. State*, 422 S.W.3d 809, 812 (Tex. App.—Fort Worth 2014, pet. ref'd). We must uphold the ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *James v. State*, 335 S.W.3d 719, 723 (Tex. App.—Fort Worth 2011, no pet.) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)). We reverse the ruling only if it lies outside the zone of reasonable disagreement. *See Sanders*, 422 S.W.3d at 812–13.

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Tex. R. Evid. 401; *see Kirk v. State*, 421 S.W.3d 772, 782 (Tex. App.—Fort Worth 2014, pet. ref'd). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403; *Kirk*, 421 S.W.3d at 782.

Once a rule 403 objection is made, the trial court must weigh the probative value of the evidence to determine if it is substantially outweighed by the damaging characteristics stated in the rule. *Kirk*, 421 S.W.3d at 782 (citing

4

*Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)). When engaging in this balancing, the court should consider the inherent probative force of the proffered item of evidence and the proponent's need for that evidence against any tendency of the evidence to suggest a decision on an improper basis,[4] any tendency of the evidence to confuse or distract the jury from the main issues, any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Id.* (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)). "The rules of evidence favor the admission of relevant evidence and carry a presumption that relevant evidence is more probative than prejudicial." *Id.*

**Analysis**

Appellant argues that the trial court erred by admitting parts of the recorded interview in which she discussed her failure to report the robbery, her employment as an exotic dancer, and her tattoos. She concedes that "[b]y themselves, these issues are not overly prejudicial," but she asserts that "when taken as a whole, they unfairly paint [her] as an inherently bad person." She also concedes that "significant evidence" supports her guilt.

---

[4]Commonly, the improper basis relates to appealing to the jurors' emotions. *See Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd).

**Appellant's failure to report the robbery**

In appellant's interview with Detective Pate and in her closing argument, she claimed that she had participated in the robbery without planning to do so, under Bryant's commands, and while under fear and duress.[5] In the interview, appellant said that Bryant had threatened to kill her and that she had believed him. In the closing argument, she relied on statements in the interview and on Bryant's aggressive behavior at the scene of the crime. She argued that from her perception of Bryant's abuse of Salas, she had learned "a real good lesson . . . of what [would] happen[]" if she opposed Bryant. Appellant also contended that she had attempted to persuade Bryant to leave Salas's house by telling him that she had heard noises outside.

From this context, we cannot conclude that the trial court abused its discretion by admitting the portion of appellant's recorded interview that discusses her failure to report the robbery. The trial court could have rationally determined that the evidence was probative to rebut the duress defense because it showed that later, while appellant was not under any alleged fear or duress, she did not contact the police concerning prosecution of or protection from Bryant's threats (which would have, by extension, informed the police about what

---

[5]*See* Tex. Penal Code Ann. § 8.05(a) (West 2011) ("It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another."). The jury charge contained instructions related to appellant's duress defense.

had happened with Salas).  *See Jones v. State*, 119 S.W.3d 412, 420 (Tex. App.—Fort Worth 2003, no pet.) (holding that extraneous offense evidence may be relevant and admissible to rebut a defensive theory); *see also King v. State*, 189 S.W.3d 347, 355 (Tex. App.—Fort Worth 2006, no pet.) (concluding that evidence of an extraneous offense may be probative to rebut the defensive theory of duress).

Moreover, appellant's failure to report the felony was, at most, a class A misdemeanor.  Tex. Penal Code Ann. § 38.171(b) (West 2011).  Because the extraneous conduct was much less serious than the offense appellant was charged with committing, the trial court could have reasonably found that the recorded statements regarding her failure to report would not have caused the jury to decide appellant's guilt on an improper basis.  *See* Tex. R. Evid. 403; *Rivera v. State*, 269 S.W.3d 697, 706–07 (Tex. App.—Beaumont 2008, no pet.).

Also, the length of the exchange regarding appellant's failure to report the robbery was minimal compared to the remainder of the interview and to the total length of the trial.  It is also unlikely that the statement was given undue weight by the jury because, as appellant admits, there were several other factors suggesting her guilt, such as her recorded confession.

Moreover, the trial court could have reasonably concluded that the admission of this portion of appellant's interview did not mislead the jury.  *See generally Gigliobianco*, 210 S.W.3d at 642.  The trial court gave a limiting

7

instruction to the jury that explained the permissible purposes for which it could consider appellant's interview.

We hold that the trial court was in a superior position to determine the impact of the evidence, that the court's ruling is within the zone of reasonable disagreement, and that there is no abuse of discretion. *See James*, 335 S.W.3d at 723; *Willover*, 70 S.W.3d at 845. Thus, we overrule appellant's sole issue to the extent that it complains about the discussion in the interview concerning appellant's failure to report the robbery.

**Appellant's tattoos and employment as an exotic dancer**

Appellant also complains about statements in the interview that reference her tattoos and her employment as an exotic dancer. But without objection, the jury received evidence regarding appellant's tattoos and employment as an exotic dancer from Detective Pate's testimony, apart from the recorded interview. Because the same evidence of which appellant complains appears elsewhere in the record, we cannot conclude that the admission of the evidence was harmful, even if we were to conclude that it was erroneous. *See* Tex. R. App. P. 44.2(b); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection."); *Sandone v. State*, 394 S.W.3d 788, 794 (Tex. App.—Fort Worth 2013,no pet.) ("The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial."). We therefore overrule the remainder of appellant's only issue.

8

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 21, 2014