

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00208-CR

ROMON J. HENDERSON                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1446985R

----------

## MEMORANDUM OPINION[1]

----------

In a pretrial confession to the police, appellant Romon J. Henderson admitted that he and his half-brother, Ra'an Henderson, broke into a business to steal guns and money and that Ra'an fired gunshots at one of the business's employees. That night, the employee died from gunshot wounds. A jury

---

[1]*See* Tex. R. App. P. 47.4.

convicted appellant of capital murder, and the trial court sentenced him to confinement for life.

In appellant's sole point on appeal, he argues that the trial court erred by overruling his hearsay objection to testimony by Anticia Jackson, Ra'an's girlfriend at the time of the shooting, concerning a statement that Ra'an made to her that connected Ra'an to the murder weapon. We conclude that in light of appellant's confession that independently linked him and Ra'an to the shooting, no harm could have resulted from the trial court's admission of the challenged testimony. Therefore, we affirm.

**Background Facts**

One night in April 2014, Ra'an and appellant broke into 4 A Good Auction to burglarize the business and to rob Shelia Johnson, who worked there. Ra'an previously worked at the auction house, and he knew Johnson would likely be staying overnight on the premises to protect the property from invasion. Appellant stated in his pretrial confession that he and Ra'an had planned on holding Jackson at gunpoint and stealing guns and money. During the burglary, by appellant's admission, Ra'an fired shots at Johnson, and both Ra'an and appellant fled the scene. The following morning, Johnson was found dead by co-owners Beverly Carter and Bob Crowder.

Jackson, who was dating Ra'an, visited Ra'an at a jail. During her visit with Ra'an, Ra'an asked Jackson to get rid of everything that belonged to him that was in her apartment and in her car. Ra'an then made a "gun" hand gesture.

2

Jackson found Ra'an's gun on the top shelf of her closet and threw it in a sewer drain.

Later, police officers interviewed Jackson, and she took them to the gun disposal site. The police found the gun. A firearm identification expert matched casings found at the scene of the murder to that gun.

A grand jury indicted appellant with committing capital murder by intentionally killing Johnson while committing burglary or robbery. The trial court appointed counsel to represent appellant, and he pled not guilty. The State opted to not seek the death penalty in the event of appellant's conviction.

At trial, appellant objected to Jackson's testimony that linked Ra'an to the murder weapon as hearsay. The State contended that Jackson's testimony about Ra'an's statement was excepted from exclusion as hearsay because it qualified as an admission by a co-conspirator and as a statement against interest. The court overruled appellant's hearsay objection and allowed Jackson's testimony. The court also admitted a recording of appellant's confession. The jury found appellant guilty of capital murder. The trial court imposed an automatic life sentence,[2] and appellant brought this appeal.

**Even Assuming Error, No Harm**

On appeal, appellant argues that Ra'an's statement to Jackson was inadmissible hearsay. He contends that the statement was not subject to

---

[2]*See* Tex. Penal Code Ann. § 12.31(a)(2) (West Supp. 2016).

admission as non-hearsay on the ground that it was a statement by a co-conspirator in furtherance of a conspiracy. *See* Tex. R. Evid. 801(e)(2)(E). He asserts that the statement was not in furtherance of the conspiracy to burglarize 4 A Good auction and rob Johnson and was therefore inadmissible. *See id.* Appellant asserts that the conspiracy of breaking into 4 A Good Auction and robbing Johnson was already complete when Ra'an spoke to Jackson and that, therefore, Ra'an's statement to Jackson was merely an act of concealment to cover up the crime.

The State relies on Texas Rule of Evidence 801(e)(2)(E) to assert that Ra'an's statement to Jackson was admissible because it was "advancing" the original and only conspiracy of burglarizing 4 A Good Auction and robbing Johnson. *See id.* The State also relies upon Texas Rule of Evidence 803(24), contending that Ra'an's statement to Jackson was excepted from hearsay because it was a statement against interest. *See* Tex. R. Evid. 803(24).

Under the facts presented here, we need not resolve these disputes concerning the application of these evidentiary rules. Instead, we conclude that even if the admission of Jackson's testimony was error, the error was harmless and does not warrant reversal.[3]

---

[3]An error analysis is not required when a harm analysis is dispositive. *See Wooten v. State*, 400 S.W.3d 601, 607 (Tex. Crim. App. 2013) ("Finding our harm analysis thus dispositive, we need not address whether the trial court did, in fact, err not to include the instruction.").

Assuming without deciding that the trial court erred by admitting the challenged testimony, we must still conduct a harm analysis to determine whether the error calls for reversal of the judgment.  Tex. R. App. P. 44.2.  When the error is of a non-constitutional character, we apply rule 44.2(b) and disregard the error if it did not affect appellant's substantial rights.  Tex. R. App. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  The erroneous admission of hearsay evidence is non-constitutional error.  *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)).  Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect."  *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson*, 967 S.W.2d at 417.  In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case.  *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

A trial court's error in admitting evidence is harmless when similar facts are proved by other properly admitted evidence. *Sandone v. State*, 394 S.W.3d 788, 794 (Tex. App.—Fort Worth 2013, no pet.). For example, in *Sanders v. State*, we held the erroneous admission of evidence could not cause harm when other unobjected-to evidence established the facts of the case. 422 S.W.3d 809, 817–18 (Tex. App.—Fort Worth 2014, pet. ref'd). There, the appellant contested a trial court's admission of a recording of a 911 call between the operator and a hospital employee reciting an assault on the victim, contending that the recording contained hearsay and violated the appellant's constitutional right of confrontation. *Id.* at 816–17. Even assuming the trial court's error in admitting the recording, we reasoned no harm occurred because unobjected-to testimony from the victim along with concessions from appellant's counsel during an opening statement and during closing argument established the same facts of the assault. *Id.* at 817–18.

Similarly, if the trial court erred by admitting Jackson's testimony over appellant's hearsay objection, we conclude that appellant was not harmed by the admission because appellant's pretrial confession connects him to the crime and substantiates the same facts as Jackson's testimony. *See id.* at 818. The record shows that apart from the admission of the challenged testimony, appellant's confession detailed his active participation in the burglary and robbery. In the

confession,[4] after some coaxing from the investigating officers, appellant

conceded the following:

- Ra'an and appellant discussed breaking into 4 A Good Auction and committing theft there;

- Ra'an knew the business had money and guns that he could steal;

- Ra'an and appellant were going to split the money;

- Ra'an knew that a woman was likely staying overnight at the auction business;

- Ra'an planned on holding the woman at gunpoint to get money from her;

- Ra'an brought a gun with him and wore a mask;

- Ra'an brought appellant with him in case there was more than one person in the auction house when they got there;

- Ra'an and appellant entered the auction house together;

- appellant took a bag into the store to carry out any items that he and Ra'an stole;

- Ra'an and Johnson exchanged gunshots, and Ra'an later told appellant that Johnson "might have been shot";

- Ra'an and appellant fled the scene together;

- Ra'an "ran out of bullets";

- Ra'an later told appellant that he had returned to the scene that night and did not see any police activity;

---

[4]Appellant filed a motion to suppress the confession. Before trial, the trial court denied the motion to suppress. On appeal, appellant does not challenge the denial of that motion.

7

- because no police arrived at the auction house after the shooting, appellant believed that Ra'an had killed Johnson;

- as opposed to Ra'an, appellant was not "stupid enough to go back to [the] crime scene"; and

- Ra'an had a girlfriend named Anticia, and the gun that Ra'an used to shoot Johnson could be at Anticia's house.

Although appellant asserts that Jackson's testimony was the basis for admitting the gun into evidence, for the firearms expert's testimony, and for the imputed guilt from Ra'an's connection to the murder weapon, the record is clear that appellant's own confession shows he was a party to the crime and that he knew Ra'an shot Johnson. Thus, in light of appellant's confession that explicitly and directly connected Ra'an to the gun and connected both Ra'an and him to Johnson's murder, we conclude that any error in admitting Jackson's testimony, which cumulatively served to connect Ra'an to the gun and the murder, did not have a substantial or injurious effect in determining appellant's conviction.

We conclude that, in the context of the entire case against appellant, the trial court's alleged error in admitting the testimony in question did not have a substantial or injurious effect on the jury's verdict and did not affect appellant's substantial rights. *See King,* 953 S.W.2d at 271. Thus, we disregard the alleged error. *See* Tex. R. App. P. 44.2(b). We overrule appellant's only point.

**Conclusion**

Having overruled appellant's only point, we affirm the judgment of the trial court.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 27, 2017